IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CAPITAL CONCEPTS, LLC,

    Plaintiff,

v.

ARCH INSURANCE COMPANY,

    Defendant.

NOTICE OF REMOVAL

No. 5:18-CV-104

**TO: THE HONORABLE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF NORTH CAROLINA, STATESVILLE DIVISION**

Defendant Arch Insurance Company respectfully shows the Court as follows:

1. Arch Insurance Company is party to a civil action brought against it in the Superior Court Division of Catawba County, North Carolina entitled "Capital Concepts, LLC v. Arch Insurance Company," No. 18-CVS-1495, which was commenced by the filing of the underlying state court summons and complaint on May 30, 2018. No further proceedings have taken place in that action. As of July 1, 2018, there are no other filings in the state court matter beyond the summons and complaint.

2. This petition for removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days of the date on which the aforementioned defendants first received the summons and complaint setting forth the claim for relief upon which such action or proceeding is based.

3. As per the representations set forth in the Complaint, Plaintiff Capital Concepts, LLC ("Capital Concepts") is a North Carolina limited liability company. (*See* Complaint, ¶ 2). On information and belief, the member-managers of Capital Concepts, LLC are all residents and

citizens of the State of North Carolina. Specifically, on information and belief, Robert V. Donovan is a citizen of Linville, North Carolina, Charles A. Rogers, Jr. is a citizen of Hickory, North Carolina, and David L. Sparks is a citizen of Hickory, North Carolina.

4. Defendant Arch Insurance Company is a foreign insurance company organized under the laws of State of Missouri with its principal place of business located in the State of New Jersey. For purposes of diversity of citizenship, Defendant Arch Insurance Company is a citizen of the States of Missouri and New Jersey.

5. Further, the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. The proper test for determining the amount in controversy in a declaratory judgment action requires the Court to look at the "pecuniary consequences" to either party as opposed to Plaintiff's Complaint. *Cole v. Captain D's, LLC*, No. 5:08-CV-21, 2008 U.S. District LEXIS 85873, *10 (W.D.N.C. Aug. 29, 2008). Capital Concepts alleges that it has incurred legal fees and other costs in defending certain underlying litigation and will continue to do so unless Defendant Arch Insurance Company undertakes a defense. (*See* Complaint, ¶ 29). Capital Concepts further notes that "these costs are damages proximately caused by Arch's breach of the Policy." (*See id.* at ¶ 29). Finally, Capital Concepts alleges that should it become subject to a judgment that it is liable to the Plaintiff in the underlying matter "Arch will have an obligation to indemnify Capital Concepts on that judgment and, should it fail to do so, will be not only in breach of its obligations under the Policy, but will be acting in bad faith." (*See id.* at ¶ 30). Plaintiff attached as Exhibit A to its complaint a copy of the complaint in the underlying matter, in which causes of action for unfair and deceptive trade practices, breach of fiduciary duty, constructive fraud, fraudulent inducement, and negligent misrepresentation are all alleged against it and for which it may become responsible in that litigation). (*See* Exhibit A to Complaint).

Thus, it is apparent from the face of the complaint in this matter and the nature of the allegations and causes of action in the complaint in the underlying matter that the amount in controversy threshold and jurisdictional amount is satisfied.

6. The U.S. District Court for the Western District of North Carolina has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship among all of the properly joined parties, and the amount in controversy in this civil action, exclusive of interest and costs, exceeds the sum of $75,000.00, in addition to seeking nonmonetary relief.

7. Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings and orders received by the removing Defendant are attached hereto as **Exhibit A**.

8. Defendant submits this Notice of Removal without waiving any defense to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted. Defendant specifically reserves the right to assert, if applicable, any and all defenses enumerated under Rule 12 of the Federal Rules of Civil Procedure or any other affirmative defenses, including those enumerated under Rule 8(c) of the Federal Rules of Civil Procedure, upon the filing of its responsive pleadings within the time allotted under the Federal Rules.

Defendant Arch Insurance Agency prays that the above case now pending against it in the Superior Court Division of Catawba County, North Carolina be removed therefrom to this Court.

July 1, 2018                      */s/ James M. Dedman, IV*
James M. Dedman, IV (N.C. Bar No. 37415)
GALLIVAN, WHITE, & BOYD, P.A.
6805 Morrison Blvd., Suite 200
Charlotte, NC 28211
(704) 552-1712 (Telephone); (704) 362-4850 (Fax)
jdedman@gwblawfirm.com

*Attorneys for Arch Insurance Company*